IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANGELA V. WOODHULL,

     Plaintiff,

v.                                   Case No. 1:15-cv-280-MW-GRJ

SHIRLEY MASCARELLA, et al.,

     Defendants.

_____/

## ORDER AND REPORT AND RECOMMENDATION

Pending before the Court is Defendant Mascarella's Motion for

Sanctions and Incorporated Memorandum of Law, ECF No. 11, and her

supplement to the motion, ECF No. 14.  Plaintiff has filed a response to the

motion.  ECF No. 25.  Plaintiff also has filed a motion for sanctions against

Defendant Mascarella and her counsel, titled "Plaintiff Angela V.

Woodhull's Motion Pursuant to Fed. R. Civ. P. 11(c) for Sanctions Against

Defendant Shirley Mascarella and her Counsel, A. Brian Phillips," ECF No.

26.  Defendant Mascarella has responded to Plaintiff's motion. ECF No.

28.  Accordingly, both motions are now ripe for review.  Upon consideration

of both motions and the responses, the Court recommends that

Defendant's motion for sanctions, ECF No. 11, should  be granted, and Plaintiff's motion for sanctions, ECF No. 26, should be denied.

## I.  BACKGROUND

In late December 2015, Plaintiff, Angela V. Woodhull ("Woodhull") filed a complaint in this Court challenging adverse rulings from a probate proceeding in the Circuit Court for the Eighth Judicial Circuit in and for Alachau County, Florida.  (ECF No. 1.)   Prior to that, in October 2015, Woodhull filed a nearly identical case in the United States District Court for the Western District of Missouri, Case No. 6:15-cv-03450-MDH (W.D. Mo. 2015). ("*Missouri Case.*")

The district court in the *Missouri Case sua sponte* raised the issue of whether the case was barred by the *Rooker-Feldman* doctrine.  Although the parties briefed the issue of whether the case was barred by the *Rooker-Feldman* doctrine the Missouri District Court transferred the case to this Court before it had an opportunity to rule on the issue. Case No. 6:15-cv-03450-MDH, ECF No. 17.  After the case was transferred to this Court, the case (No. 1:16-cv-15-MP-GRJ), was consolidated with this case to avoid duplication.

Although filing the case in the Western District of Missouri was questionable—since none of the parties had anything to do with Missouri—the *Missouri Case* is relevant for purposes of the pending sanctions motions.  Because the District Court in the *Missouri Case* raised the issue of *Rooker-Feldman*, and the parties briefed the issue before the case was transferred, Woodhull was well aware prior to filing the instant case that if she brought claims in federal court challenging the rulings from the Florida probate case the Court would not have subject matter jurisdiction to review these claims because of the applicability of *Rooker-Feldman*.

Woodhull's knowledge that her challenges in federal court to the rulings of the state probate court were barred is further underscored by the fact that prior to filing the *Missouri Case*, and prior to filing the instant case, Plaintiff filed a case in the Middle District of Florida challenging rulings from related state probate and guardianship proceedings. There the Eleventh Circuit affirmed the dismissal of her case and expressly ruled that the District Court did not have subject matter jurisdiction over Woodhull's claims under the *Rooker-Feldman* doctrine. Undeterred—and blindly and consciously ignoring the pronouncement from the Eleventh Circuit and the Missouri Court's suggestion that Woodhull's claims likely were barred by

*Rooker-Feldman*—Woodhull filed this instant case.  Because Woodhull has

pursued this case knowing her claims were subject to dismissal under

*Rooker-Feldman,* and with full knowledge that there was no nonfrivolous

argument supporting her contention that *Rooker-Feldman* did not apply,

Woodhull's filing of this case ran directly afoul of Rule 11.

Moreover, it is evident by the eight year history of the contentious

litigation between Woodhull and Shirley Mascarella ("Mascarella"), that

Woodhull brought this case for the purpose of either harassing Mascarella,

or at a minimum, to cause the substantial costs already expended in the

probate litigation to continue to increase. Rule 11 sanctions, therefore, are

necessary in this case to put an end to the long and tortured litigation

between the parties.

## II.  RULE 11 STANDARDS

Rule 11 of the Federal Rules of Civil Procedure imposes a duty upon

attorneys as well as parties proceeding *pro se* to refrain from filing or

pursuing frivolous claims.   Rule 11 sanctions are warranted when a party:

(1) files a pleading that is based on a legal theory that has no reasonable

factual basis; (2) files a pleading that is based on a legal theory that has no

reasonable chance of success and that cannot advance a reasonable

argument to change existing law; or (3) files a pleading in bad faith for an improper purpose.  Fed. R. Civ. P. 11; *Kaplan v Daimler Chrysler, A.G.,* 331 F. 3d 1251, 1255 (11th Cir. 2003); *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).

A court conducts a two-step inquiry when evaluating a motion for Rule 11 sanctions by first determining whether the non-moving party's claims are objectively frivolous and then determining whether counsel (or the party) should have been aware that they were frivolous. *Adams v. Austal, U.S.A., Inc.,* 503 Fed. Appx. 699, 703 (11th Cir. 2013) *citing Jones v. Int'l Riding Helmets, Ltd.,* 49 F. 3d 692, 695 (11th Cir. 1995);  *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001); *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).

A legal claim is frivolous if no reasonably competent attorney (or *pro se* party) could conclude that it has any "reasonable chance of success" or is a reasonable argument to change existing law.  *Worldwide Primates*, 87 F.3d at 1254.  A factual claim is frivolous if no reasonably competent attorney (or *pro se* party) could conclude that it has a reasonable evidentiary basis. *Davis v. Carl*, 906 F.2d 533, 535-37 (11th Cir. 1990); Fed. R. Civ. P. 11 Advisory Committee Note (1983)("the standard is the

same for unrepresented parties").   As such where a party does not offer

any evidence or only "patently frivolous" evidence to support factual

contentions, sanctions can be imposed.  *Davis,* 906 F.2d at 536. In

determining whether a claim is frivolous, the Court may consider whether

the litigant has a history of bringing non-meritorious litigation.  *Bilal v.*

*Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001), *cert. denied*, 534 U.S. 1044

(2001).

Once a court concludes that either factual or legal contentions are

frivolous, the court must ask whether the party should have known they

were frivolous. In making this determination, the Court asks what was

known or reasonably knowable when the paper was presented to the

Court. Using an objective standard, if a reasonable investigation would

have revealed the error to a reasonably competent attorney, then sanctions

can be imposed. The reasonableness of the inquiry turns upon the totality

of the circumstances.  *Worldwide Primates*, 87 F.3d at 1254.

Rule 11 sanctions are not measured solely at the time of filing

because a party or counsel has a continuing duty to advise the court of any

changes regarding the veracity of information before the court.  *Attwood v.*

*Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam). "When it

becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest." *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991).  Thus, Rule 11 sanctions are appropriate where an attorney or party continues to pursue an action that is no longer supported in law or fact, regardless of whether it was reasonable to file the claim in the first instance. *See Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1330 (11th Cir. 1992)(upholding Rule 11 sanctions where attorney continued to pursue an action even after evidence arose showing that the initial filing was part of the client's scheme to defraud).

## III. DISCUSSION

### A. *Defendant Mascarella's Motion for Sanctions*

Mascarella requests the Court to enter Rule 11 sanctions against Woodhull on the grounds that Woodhull continually has raised the same meritless arguments against Mascarella in federal court.  According to Mascarella, Woodhull knew full well that this Court did not have subject matter jurisdiction over Woodhull's claims, as evidenced by the Eleventh Circuit's decision in the Middle District of Florida, Case No. 6:13-cv-384-Orl-28KRS, dismissing the case under *Rooker-Feldman* and as evidenced by the Missouri Court's suggestion prior to transfer that the Court did not have subject matter jurisdiction under the *Rooker-Feldman* doctrine.

Mascarella further argues that Woodhull's abuse of the legal system is evidenced by the orders from at least two state courts barring Woodhull from filing further claims without legal representation.[1]

Mascarella also requests the Court to award monetary sanctions in her favor under 28 U.S.C. § 1927 and that the Court enter an order enjoining Plaintiff from appearing *pro se* or enjoining her from further litigation without prior court approval.

The Court first must address the issue of whether sanctions against Woodhull, a *pro se* party, are appropriate.  Secondly, if the Court determines that sanctions are warranted, the Court must then address the issue of what sanctions are appropriate in this case.

The Court recently issued a report and recommendation recommending the dismissal of Woodhull's claims under the *Rooker-Feldman* doctrine for lack of subject matter jurisdiction. ECF No. 34. Woodhull's claims, detailed at length in the report and recommendation, purport to raise constitutional challenges to rulings by a state probate court

---

[1] Woodhull was barred by the Circuit Court for Seminole County, Florida on November 10, 2009, from filing any pleadings, motions, objections, petitions or other filings with the court without legal representation. *In Re Guardianship of Louise A. Falvo,* case no. 2008-GA-0509 (Circuit Court for Seminole County, Florida). ECF No. 11, Exhibit 11-3.  Similarly, on October 14, 2010 Woodhull was barred by the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida from proceeding *pro se. In Re: The Estate of Lousie Falvo,* case no. 01-2008-cp-1083 (Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida) ECF No. 14, Exhibit B, p. 14.

judge involving the will of Lousie Falvo, who is Woodhull's mother and

Mascarella's aunt.  In the report and recommendation the Court had little

difficulty concluding that Woodhull's claims in this case were barred by the

*Rooker-Feldman* doctrine because her claims are "inextricably intertwined"

with the rulings in the state court probate proceedings.

This Court's ruling was not the first time a federal court dismissed

Woodhull's claims under *Rooker-Feldman* for lack of subject matter

jurisdiction. The first time was in 2013 in a case Woodhull filed in the

Middle District of Florida against Mascarella and others.  *Woodhull v.

Fierle, et al.*, Case No. 6:13-cv-384-Orl-28KRS (M.D. Fla. 2013). (*"Fierle."*)

The defendants there included Rebecca Fierle (the purported professional

guardian assigned to Ms. Falvo), several state judges, including Judge

Nancy Alley, Judge John Galluzzo, and Judge Victor Huslander, several

attorneys and law firms, Shirley and John Mascarella, and Wachovia Bank,

Farmers National Bank, and Bank of America.  Woodhull's claims in *Fierle*

concerned adverse rulings by state court judges in the guardianship and

probate proceedings for Ms. Falvo estate.  In *Fierle* Woodhull claimed the

rulings violated the Fourth Amendment, and that Defendants engaged in

"tortious interference" with the assets she was due from Ms. Falvo's estate,

and committed common law fraud, breach of contract, and conversion.

After the *Fierle* court dismissed Woodhull's claims, *Fierle*, ECF Nos. 38,

57, Woodhull appealed the order dismissing her case to the Eleventh

Circuit.  *Fierle*, ECF No. 58;  *Woodhull v. Fierle*, Case No. 13-12505 (11th

Cir. 2013).  The Eleventh Circuit concluded that it was not necessary to

address the merits of the dismissal because the district court lacked

subject jurisdiction to consider the case under the *Rooker-Feldman*

doctrine because Plaintiff's claims required the district court to review the

state court judgments.  The Eleventh Circuit vacated the district court's

order with instructions, upon remand, to dismiss Plaintiff's action for lack of

subject matter jurisdiction under *Rooker-Feldman*.  *Fierle*, ECF Nos. 62,

64.

 Undeterred by the adverse rulings in the state probate proceedings

involving her mother's estate, Woodhull filed a complaint in the Western

District of Missouri in October 2015, raising almost identical claims to the

claims raised in the instant case.  *Woodhull v. Mascarella, et al.*, Case No.

6:15-cv-03450-MDH (W.D. Mo. 2015)("*Missouri Case*.")  The district judge

in the *Missouri Case* ordered the parties to brief the issue of subject matter

jurisdiction.  *Missouri Case*, ECF No. 9.[2]  The court transferred the case to

---

[2] The docket entry citations to the *Missouri Case* refer to the docket entries for
the case after it was transferred to this Court. Case No. 1:16-cv-15-MP-GRJ. The case
was consolidated with this case. ECF No. 24.

this district as the proper venue, but suggested in the order that the federal district court was precluded from reviewing Woodhull's claims under *Rooker-Feldman*.  *Missouri Case,* ECF No. 17.

Because Woodhull's complaint in this case requested the Court to void the orders entered by the state probate judges her purported constitutional claims are inextricably intertwined with the state court rulings and thus any argument that her claims were not barred by *Rooker-Feldman* are frivolous under Rule 11.

The fact that Woodhull knew or should have known that her claims in this case were barred by *Rooker-Feldman* is underscored by the Eleventh Circuit's ruling in *Fierle* and by the pronouncement of the district judge in the *Missouri Case* that Woodhull's claims likely were barred by *Rooker-Feldman*.   Despite these clear warnings by different federal courts, Woodhull choose to litigate this case aggressively, knowing full well that her arguments had been rejected by other courts.

The Court is well aware that Woodhull is proceeding *pro se*.  The Court has taken this into consideration in determining whether Rule 11 sanctions are warranted. *Thomas v. Evans*, 880 F.2d 1235, 1239 (11th Cir. 1989)(the court should take into account a plaintiff's *pro se* status when determining whether a filing was reasonable).  Nevertheless, the Court

cannot decline to impose a sanction when a violation has occurred simply because the plaintiff is proceeding *pro se*. *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170 (9th Cir. 1996).

In this case, despite Woodhull's *pro se* status, she knew that the instant case had no arguable legal basis. Woodhull was fully advised at least twice that her federal challenges to the rulings in the state probate and guardianship proceedings were barred by the *Rooker-Feldman* doctrine. Indeed, Woodhull demonstrated knowledge of this deficiency by addressing it in her Complaint. *See United States v. Morse*, 532 F.3d 1130, 1133 (11th Cir. 2008)(entering sanctions against a *pro se* party because his arguments were frivolous and he had been previously warned against raising them).

Accordingly, because Woodhull's claims in this case are barred by *Rooker-Feldman*—and there is no dispute that Woodhull was advised of the deficiencies before she filed this case— the Court has no difficulty concluding that there is a sufficient basis to award Rule 11 sanctions.

Turning next to the nature of the sanctions to be imposed, Rule 11(c)(4) provides that the sanction must be limited to what "suffices to deter repetition of the conduct or comparable conduct by others similarly situated" and if warranted, may include "an order directing payment to the

movant of part or all of the reasonable attorney's fees and other expenses directly related to the violation."

Mascarella argues that she has been forced to defend against the same meritless claims both in state court and federal court for almost a decade.  She says that the only sanction sufficient to keep Plaintiff from filing similar cases in the future is an injunction, preventing her from either appearing *pro se* or preventing her from initiating further litigation without first gaining court approval.

A district court has "considerable discretion" to draft orders enjoining abusive litigation tactics.  *Procup v. Strickland*, 792 F.3d 1069, 1074 (11th Cir. 1986)(*en banc*).  The main restriction that a court must abide by when issuing an injunction against an abusive and vexatious litigator is that a "litigant cannot be completely foreclosed from any access to the court." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993).

Mascarella's request for an injunction barring Plaintiff either from filing *pro se* or requiring that Woodhull submit pleadings for review with the court prior to filing, is similar to the injunction entered against plaintiff Martin-Trigona.  *See In re Martin-Trigona*, 763 F.2d 140 (2d Cir. 1985)(affirming injunction entered by district court in Connecticut enjoining

Martin-Trigona from filing in the district without leave of court, and in "any

federal court...or other federal forum" without first obtaining leave).

To obtain a *Martin-Trigona* injunction to stop continued vexatious

litigation, the movant must present evidence of: (1) the litigant's history of

litigation and in particular whether the litigation entailed vexatious,

harassing or duplicative lawsuits, (2) the litigant's motive in pursuing the

litigation, e.g., does the litigant have an objective, good-faith expectation of

prevailing, (3) whether the litigant is represented by counsel, (4) whether

the litigant has caused needless expense to other parties or has posed an

unnecessary burden on the courts and their personnel, and (5) whether

other sanctions would be adequate to protect the courts and other parties."

*Watts v. Turnbach*, Case No. 4:14-cv-0175-VEH, 2014 WL 1924020, at *4

(N.D. Ala. May 12, 2014).

In support of the requested injunction, Mascarella points to the cases

Plaintiff filed against her in both state and federal court involving the

guardianship and probate proceedings of Woodhull's mother, and the

events that arose from these proceedings.  Those cases (as disclosed in

Masscarella's motion and based upon the Court's own inquiry) include the following:[3]

- *In Re: Guardianship of Lousie A. Falvo*, Case No. 2008-CP-509 (Fla. Cir. Ct. Seminole County 2008).

- *Woodhull v. Guardianship of Louise A. Falvo*, Case No. 5D08-1899 (Fla. Dist. Ct. App. 2008)

- *Woodhull v. Guardianship of Louise A. Falvo*, Case No. 5D08-2909 (Fla. Dist. Ct. App. 2008)

- *Woodhull v. Rebecca Fierle*, Case No. 5D09-3008 (Fla. Dist. Ct. App. 2009)

- *Woodhull v. Guardianship of Louise A. Falvo*, Case No. 5D09-3463 (Fla. Dist. Ct. App. 2009)

- *Woodhull v. Guardianship of Louise A. Falvo*, Case No. 5D09-4000 (Fla. Dist. Ct. App. 2009)

- *Woodhull v. Guardianship of Louise A. Falvo*, Case No. 5D10-399 (Fla. Dist. Ct. App. 2010)

- *In Re: the Estate of Louise Falvo*, Case No. 01-2008-CP-1083 (Fla. Cir. Ct. Alachua County 2008)

- *Woodhull v. In Re: Estate of Louise A. Falvo*, Case No. 1D10-3646 (Fla. Dist. Ct. App. 2010)

- *Woodhull v. Mascarella*, Case No. 1D12-4222 (Fla. Dist. Ct. App. 2012)

- *Woodhull v. Mascarella*, Case No. 1D13-356 (Fla. Dist. Ct. App. 2013)

- *Woodhull v. Fierle*, Case No. 6:13-cv-384-Orl-28KRS (M.D. Fla. 2013)

- *Woodhull v. Fierle*, Case No. 13:12505 (11th Cir. 2013).

---

[3] Although the list may not be exhaustive of the cases litigated between Woodhull and Mascarella it evidences a significant history of litigation between the two parties over the last decade.

- *Woodhull v. Mascarella*, Case No. 1:08-cv-151-SPM-AK (N.D. Fla. 2008)[4]

This extensive list of cases demonstrates that Woodhull has been engaged in aggressive litigation against Mascarella and others (including judges, attorneys and court-appointed guardians) during the last decade. Most of the litigation was initiated by Woodhull.  Further, the list evidences that Woodhull filed at least six appeals in the guardianship proceedings and at least three appeals in the probate proceedings.

While Woodhull has multiple filings in federal court the list is not nearly as extensive as state court.  Woodhull has filed four cases in federal court.  The first, *Woodhull v Mascarella,* case no. 1:08-cv-151-SPM-AK, Woodhull filed against Mascarella in 2008 and involved claims of defamation and intentional infliction of emotional distress.  This Court dismissed Woodhull's complaint for failure to state a claim and for lack of subject matter jurisdiction.

Woodhull did not file another federal case until 2013, when she filed the *Fierle* case in the Middle District of Florida against multiple defendants,

---

[4]This case, filed by Plaintiff against Mascarella in the Middle District of Florida, was transferred to this district.  While the case did not directly involve either the guardianship or probate proceedings for Ms. Falvo, the allegations in the Complaint—that Defendant Mascarella had made defamatory statements about Plaintiff and had inflicted emotional distress—stemmed from actions taken in the guardianship proceedings of Ms. Falvo.

including Mascarella.  Plaintiff's claims there also related to Ms. Falvo's guardianship and probate proceedings. *Fierle* was dismissed by the district court and then on appeal the Eleventh Circuit remanded the case with instructions to dismiss the case due to lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

Woodhull's next federal court filing was in October 2015, when Plaintiff filed the *Missouri Case*. The claims she raised there were constitutional challenges to rulings made in Ms. Falvo's probate proceedings, nearly identical to the claims Woodhull has brought in the instant case.

In sum, Plaintiff has filed four cases in federal court during the last eight years in which Mascarella was at least one of the named defendants. Although Woodhull's litigation history in federal court—involving frivolous claims that Woodhull aggressively has pursued against Mascarella—is troublesome, the Court, nonetheless, concludes that Woodhulls' litigation history (in federal court) falls short of meeting the standard of an abusive filer sufficient to warrant the entry of an injunction. *See, e.g. Procup*, 792 F.2d at 1074 (11th Cir. 1986)(plaintiff filed 176 cases in a single federal district); *In re Martin-Trigona*, 737 F.2d at 1259 (2d. Cir. 1984)( Martin-

Trigona had filed over 250 civil actions in the United States); *Shell v. U.S. Dep't of Housing and Urban Development*, 355 F. App'x 300, 308 (11th Cir. 2009)(the litigant filed seven cases in five years and thirty-four motions).

In determining whether to impose a *Martin-Trigona* injunction against an abusive filer the Court also considers the litigant's motive, and whether the litigant is represented by counsel, has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel, and whether other sanctions would be adequate to protect the courts and other parties.  While several of these factors may weigh in favor of imposing an injunction the Court concludes that the entry of an injunction against Woodhull under *Martin-Trigona* is not justified at this point and that other lesser sanctions may appropriately compensate Mascarella and deter Woodhull from filing further frivolous lawsuits in this Court.

Mascarella alternatively requests monetary sanctions to deter future abusive litigation by Plaintiff and to compensate her for the costs expended in defending the current action.  Under Rule 11(c)(4), Fed. R. Civ. P. the Court may award reasonable expenses, including attorneys' fees, incurred

in defending the action.[5]  Because Woodhull's pursuit of this case and of the *Missouri Case* violate Rule 11,  Mascarella is entitled to recover her reasonable attorney's fees and other expenses incurred in filing her Rule 11 motion and otherwise defending against Woodhull's claims in this case and in the *Missouri Case*.

So that the Court can properly determine the amount of fees to be awarded, Mascarella is directed to submit an affidavit within fourteen days of the date of this order detailing the amount and reasonableness of the attorney's fees and expenses incurred. Plaintiff may file a response within fourteen days from Mascarella's submission.  The Court will then determine the appropriate amount of attorney's fees and expenses to be awarded and will issue a further report and recommendation as to the appropriate amount to be awarded.

---

[5] Mascarella also requests an award of monetary sanctions under 28 U.S.C. § 1927. Rule 11 and § 1927 are separate sources of authority. Rule 11 is "aimed primarily at pleadings," and 1927 addresses "dilatory tactics throughout the entire litigation." *Byrne*, 261 F.3d at 1106.  While it is unsettled whether § 1927 applies to *pro se* litigants because Mascarella is entitled to monetary sanctions under Rule 11 the Court declines to decide whether she is also entitled to an award under § 1927.

### B. Woodhull's Motion for Sanctions

Woodhull responded to Mascarella's motion for sanctions by filing a motion for sanctions of her own.  For the following reasons the motion is due to be denied.

Woodhull's motion is due to be denied first because she has failed to comply with the "safe harbor" provision of Rule 11(c)(2). The safe harbor provision requires that the party requesting Rule 11 sanctions must serve the motion on the opposing party twenty-one days before filing the motion with the court, so that the opposing party may have an opportunity to correct the alleged violation.  Woodhull's failure to serve the motion for sanctions twenty-one days before filing the motion, standing alone, is sufficient grounds to deny the motion.  *See DeShiro v. Branch*, 183 F.R.D. 281 (M.D. Fla. 1998)(Rule 11 motion denied on litigant's failure to comply with procedural requirements of safe harbor provision).

In addition to Woodhull's failure to comply with the safe harbor provisions, Woodhull's arguments in support of her motion have no merit.

Woodhull first argues that Mascarella's motion for sanctions violates Rule 8(b) and 12(b) because Mascarella filed the motion for sanctions in place of either an answer or motion to dismiss.  This argument fails

because there is no requirement that a party respond to a complaint prior to filing a motion under Rule 11.  The Advisory Committee Note to the 1993 amendment makes clear that the Rule 11 motion should be filed promptly after the challenged conduct occurs.  Fed. R. Civ. P. 11 Advisory Committee Note 1993 ("Ordinarily, the motion should be served promptly after the inappropriate paper is filed, and if delayed too long, may be viewed as untimely."); Charles Wright & Alan Miller, *Federal Practice and Procedure* § 1337.1 Initiation and Timing of Sanction Proceedings. Mascarella's motion was timely.

Furthermore, Mascarella was not required to respond to Woodhull's complaint at this point.  Both of Woodhull's cases have been consolidated into the case and consistent with the practice in this district, the Court screened the case under 28 U.S.C. § 1915 prior to directing service on defendant.  Because the Court has not directed service on Mascarella no response is required.

Plaintiff next argues that Mascarella's motion for sanctions is an inappropriate dispositive motion under Rule 12(b) or 56, implicitly suggesting that this case may only be dismissed after a dispositive motion is filed.  Rule 11(c)(4), however, provides for a wide range of sanctions,

directing that the sanction imposed be "limited to what suffices to deter repetition of the conduct or comparable conduct . . . " Dismissal of a complaint may be a suitable sanction under Rule 11 if the pleading was filed for an improper purpose.  *See McDonald v. Emory Healthcare Eye Center*, 391 F. App'x 851 (dismissing a *pro se* plaintiff's complaint that was filed for the purpose of harassing defendants and presented frivolous claims).  At this point the argument makes no difference because the Court already has recommended that Woodhull's claims be dismissed for lack of subject matter jurisdiction.

Woodhull further contends that Mascarella's motion for sanctions is an attempt to circumvent the "de novo standard of review under 28 U.S.C. § 636(1)(C) and Fed. R. Civ. P. 72(b) [sic] for objections to a magistrate judge's findings and recommendations on dispositive motions."  This argument makes no sense because the Court recommended dismissal of the case in a report and recommendation and not in an order.  And the Court's resolution of the motions for sanctions also is in a report and recommendation, and not in an order. Thus, Woodhull is entitled to *de novo* review of the Court's recommendation to dismiss the case and the Court's recommendation to award sanctions against Woodhull.

Accordingly, based on the foregoing, Woodhull's motion for sanctions is due to be denied based on Woodhull's failure to comply with the safe harbor provision of Rule 11 and because her other arguments have no merit.

## C.  Other Pending Motions

Woodhull has filed several other motions related to Mascarella's motion for sanctions and related to her own pending motion for sanctions.

The first is a motion to file a supplemental exhibit to Woodhull's response to Mascarella's motion for sanctions. ECF No. 27.  The exhibit Woodhull attaches is titled "Criminal case against court-appointed guardian moves forward." The exhibit purportedly describes a case in which an elderly individual was held by a court-appointed guardian and denied communication with family and friends. The article has nothing whatsoever to do with this case, her mother's probate estate or any legal or factual issue connected to this case.  Accordingly, because the article has no bearing upon Mascarella's motion for sanctions (or for that matter anything to do with this case) Plaintiff's motion to supplement her response, ECF No. 27, is due to be denied.

Woodhull also has filed a motion for leave to file a reply in support of her motion for sanctions against Mascarella and her counsel.  ECF No. 31. Woodhull says that she should be granted leave to file a reply to include arguments regarding the procedural components of Rule 11(c)(2) and why it should not apply to her Rule 11 motion.  Mascarella has responded and argues that no extraordinary circumstances exist to warrant a reply. ECF No. 32.

The Court agrees that nothing in Woodhull's motion, ECF No. 31, raises any grounds that warrant a reply.  According to Woodhull, the twenty-one day notice requirement in Rule 11 should not apply to her motion for sanctions because Woodhull only had fourteen days to respond to Defendant's motion for sanctions. Woodhull is confused. Woodhull only was required to file a memorandum in opposition to Mascarella's motion for sanctions within fourteen days. Woodhull was not required to file a motion for sanctions in response to Mascarella's Rule 11 motion for sanctions and certainly was not limited to fourteen days to file a motion for sanctions if she wished to file one.

Accordingly, Plaintiff has not raised any meritorious grounds for filing a reply.  Woodhull's motion for leave to file a reply, ECF No. 31, is, therefore, due to be denied.

## IV.  ORDER AND RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that:

1.   Defendant Shirley Mascarella's Motion for Sanctions, ECF No 11 and Defendant Shirley Mascarella's Supplement to Motion for Sanctions, ECF No.14, should be **GRANTED**.

2.  Within fourteen days Defendant Mascarella must submit an affidavit and other proof establishing the amount and reasonableness of the attorney's fees and expenses incurred by her in defending the *Missouri Case* and defending this case. Plaintiff shall have fourteen days after submission of Mascarella's submission to file a response. The Court will then determine and issue a further report and recommendation, addressing the amount of attorney's fees and costs to be awarded to Mascarella.

It is further respectfully **RECOMMENDED** that:

3.  Plaintiff Angela V. Woodhull's Motion Pursuant to Fed. R. Civ. P. 11(c) for Sanctions Against Defendant Shirley Mascarella and her Counsel, A. Brian Phillips, ECF No. 26, should be **DENIED**.

It is further **ORDERED and ADJUDGED** that:

4.   Plaintiff Angela V. Woodhull's Motion For Leave to File the Attached as a Supplemental Exhibit to her Response to Defendant Shirley Mascarella's Motion for Sanctions, ECF No. 27, is **DENIED**.

5.  Plaintiff Angela V. Woodhull's Motion Pursuant to Local Rule 7.1(L) for Leave to File Reply in Support of her Motion Pursuant to Fed. R. Civ. P. 11(c) for Sanctions Against Defendant Shirley

Mascarella and her Counsel, A. Brian Phillips, ECF No. 31, is **DENIED**.

**IN CHAMBERS** at Gainesville, Florida this 26th day of May 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**