IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANGELA V. WOODHULL,

    Plaintiff,

v.                                                    Case No. 1:15-cv-280-MW-GRJ

SHIRLEY MASCARELLA, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

On July 5, 2015 the Court entered its Order Accepting Report and Recommendation. ECF No. 47.  In the Order the Court granted Defendant Mascarella's Motion for Sanctions and Supplement to motion for sanctions, ECF Nos. 11 & 14 and directed Defendant Mascarella to submit an affidavit and other proof establishing the amount and reasonableness of the attorney's fees and expenses Defendant incurred in defending the *Missouri Case* and defending this case.  The Court granted Plaintiff 14 days after submission of Defendant's submission to file a response.  The case was then remitted to the undersigned for issuance of a further report and recommendation addressing the amount of attorney's fees and costs to be awarded to Defendant Mascarella.

Defendant complied with the Court's Order by filing an affidavit of Brian Phillips, ECF No. 51. Ex. A, redacted copies of the invoices for his services, detailing the service performed, the date the service was performed, the hourly rate and the amount of time for the claimed service. ECF No. 51, Ex. A.  Defendant also filed the affidavit of Harrison T. Slaughter regarding attorney's fees and costs. ECF No. 51, Ex. B. Defendant requests an award of $7,472.00 for attorney's fees.[1]

Instead of addressing the amount and reasonableness of the requested attorney's fees, Plaintiff has filed a twenty-one page response, ECF No. 61, complaining about the Court's entry of Rule 11 sanctions but not making any mention of the amount or reasonableness of the claimed attorney's fees.  Plaintiff also has filed a notice of appeal, appealing among other orders, the Court's order granting Defendant's motion for Rule 11 sanctions. ECF No. 62.  Because the Court's Order granting Rule 11 Sanctions is before the Eleventh Circuit, the Court cannot readdress Defendant's Motion for Rule 11 Sanctions. Thus, the only issue before the Court is the amount of attorney's fees to be awarded.

---

[1] The only costs Defendant has included is payment of $100.00 for the expense of obtaining admission pro hac vice in the *Missouri Case*.

For the reasons explained below, the undersigned recommends that the Court award attorney's fees and expenses in favor of Defendant and against Plaintiff in the sum of $7,472.00.

## I.  DISCUSSION

In the Eleventh Circuit, *Norman v. Housing Authority of City of Montgomery*[2] prescribes the law for determining the appropriate award of attorney's fees.  First, the Court must multiply the number of hours reasonably expended by a reasonable hourly rate under what is known as the "lodestar" approach.[3]  After determining the "lodestar", the Court may adjust the amount depending upon a number of factors, including the quality of the results.[4]

As the fee applicant, the Defendant "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."[5] Here, in support of her fee request, Defendant has submitted a sworn declaration of counsel, Brian Phillips, with detailed billing statements and has offered the affidavit of its expert, Harrison t. Slaughter.  Because Ms.

---

[2] 836 F.2d 1292 (11th Cir. 1988).

[3] *Id*. at 1299, 1302.

[4] *Id*. at 1302.

[5] *Id*. at 1303.

Woodhull failed to address the amount or reasonableness of the claimed attorney's fees in her response, the Court lacks the benefit of the scrutiny and analysis from the opposing party.[6]  Nonetheless, even in the absence of a response from Plaintiff, the Court has a duty to ensure that the Defendant's request for attorney's fees is reasonable.[7]

### 1.   Reasonable Hourly Rate

The first part of the lodestar analysis is to determine the reasonable hourly rates for the hours for which the fee applicant is seeking attorney's fees.  A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."[8]  The fee applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates in the relevant community.[9]  Satisfactory evidence consists of more than the affidavit of the attorney who performed the

---

[6] *See, e.g.*, *Godoy v. New River Pizza, Inc.*, 565 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008) (noting that the adversarial process normally aids the Court in determining whether the amount of attorney's fees requested is "reasonable.").

[7] *Id.*(citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)).

[8] *Norman*, 836 F.2d at 1299.

[9] *Id*.

work.[10] The Eleventh Circuit has recognized that the Court itself is an expert with regard to the hourly rates charged in the local community.[11] Here, the Defendant seeks recovery of $190.00 per hour for work performed by Paula M. Bird, an associate attorney with A. Brian Phillips, P.A., who graduated from law school five years ago.

Defendant offered the affidavit of Harrison T. Slaughter, who averred that the hourly rate charged for Ms. Bird's services was reasonable. Additionally, as Mr. Slaughter points out Brian Phillips, the supervising attorney for this matter, could have billed for his services but opted not to do so. Consequently, the amount claimed is actually lower than it could have been had attorney Phillips included his time. The Court concurs that the hourly rate of $190.00 an hour charged for an associate is more than reasonable and is well within the prevailing market for attorneys in the North Central Florida area.

Accordingly, and in the absence of any argument by Plaintiff why the requested hourly rate is not reasonable, the Court concludes that the

---

[10] Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994)(quoting *Norman*, 836 F.2d at 1299).

[11] *Norman*, 836 F.2d at 1303.

hourly rate requested by Defendant is appropriate and reasonable for the purpose of awarding attorney's fees to the Defendant.

### 2.  *Reasonable Number of Hours*

The second step in determining the lodestar is to assess the reasonable number of hours expended.[12]  The fee applicant bears the burden of documenting the appropriate number of hours.[13]  Proof of the hours dedicated to the litigation and any corresponding objections must be made with sufficient specificity.[14]  The Court should exclude hours that are: (1) excessive or otherwise unnecessary; (2) redundant; and (3) spent on discrete and unsuccessful claims.[15]

Here, Defendant has requested an award of attorney's fees for 38.8 hours of work performed by Ms. Bird in connection with this matter.  After reviewing the billing entries—and in the absence of any challenge by Plaintiff to the number of hours expended or the nature of the services performed— the Court agrees that the hours spent were reasonable and necessary for the defense of the claims.

---

[12] *Norman*, 836 F.2d at 1302.

[13] *Id. at 1303.*

[14] *Id*. at 1301.

[15] Id. at 1301-02.

Accordingly, the Court finds that the Defendant met her burden of demonstrating that the expenditure of 38.8 hours for attorney services in defending the claims in this case was reasonable and necessary and is the appropriate number of hours to include in the lodestar.

### 3.   *Adjustment of the Lodestar*

Having determined both components of the lodestar, the Court still must consider whether an adjustment to the lodestar should be made for the results obtained.[16]  "If the result was excellent, then the court should compensate for all hours reasonably expended."[17]  Conversely, if the result was partial or counsel obtained only limited success, then the lodestar "must be reduced to an amount that is not excessive."[18]

Here, counsel for the Defendant obtained an excellent result for her client.  Counsel successfully obtained a fairly quick resolution of the *Missouri Case* when the case was transferred to this Court, which then ultimately resulted in the dismissal of the case under the *Rooker-Feldman* doctrine.  Accordingly, the Court finds that no adjustment should be made to the lodestar.

---

[16] *Norman*, 836 F.2d at 1302.

[17] *Id.*

[18] *Id*.

In sum, the Court concludes that 38.8 hours were reasonably and necessarily expended by Defendant's counsel in defending the claims in the *Missouri Case* and in this case and that the hourly rate charged by Defendant's counsel is reasonable for an attorney of comparable skill and experience. Thus, the Court concludes that fees in the sum of $7372.00—the full amount requested by the Defendant—is a reasonable fee to be awarded to Defendant Mascarella in this case.[19]

## II.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that the Court enter judgment in favor of Defendant Shirley Mascarella and against Angela V. Woodhull for attorney's fees and expenses in the sum of $7472.00.

**IN CHAMBERS** at Gainesville, Florida this 16th day of August 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[19] The Court also finds that expenses of $100.00 for the pro hac vice fees expended in the *Missouri Case* is a necessary expense that should be included in the award.

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.